NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RODOLPHO GUARDADO RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1061<br><br>Agency No.<br>A215-569-732<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2025**
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and BARKER, District Judge.***

Petitioner Jose Rodolpho Guardado Ramirez, a citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

his motion to reopen his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We review BIA denials of motions to reopen for abuse of discretion, *Sharma v. Holder*, 633 F.3d 865, 872 (9th Cir. 2011), and purely legal questions de novo, *Kalal v. Gonzales*, 402 F.3d 948, 950 (9th Cir. 2005). We deny the petition.

After he was removed from the United States for the second time and while he was lawfully residing in Mexico, Guardado Ramirez moved to reopen his proceedings and apply for asylum, withholding, and CAT protection. His motion was based on his fear of residing in El Salvador and the changed conditions in that country. BIA denied the motion as "effectively moot" because (1) the removal Guardado Ramirez sought to withhold had already been executed, (2) he did not live in El Salvador, (3) he lawfully resided in Mexico, and (4) he had not claimed a fear of persecution or torture in Mexico.

BIA did not abuse its discretion. BIA has broad authority to grant or deny motions to reopen. *See* 8 CFR § 1003.2(a). The agency did not act "arbitrarily, irrationally, or contrary to law" in denying a motion to prevent Guardado Ramirez from being removed to El Salvador, given that he currently lives in Mexico. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021) (noting that withholding-only

proceedings are a "country specific" form of relief).[1]  For example, if BIA were to grant Guardado Ramirez withholding from El Salvador, nothing would prevent the government from removing him to Mexico (where he now lawfully resides).

Guardado Ramirez argues that BIA was obligated to more fully consider his claim of changed country conditions in El Salvador from 2019 to 2023.  He claims that he satisfies specific exceptions to statutory and regulatory bars to filing such motions.  But these arguments are misplaced.  Whether Guardado Ramirez is barred from moving to reopen on certain grounds does not divest BIA of its discretion to deny on others.  *See* 8 CFR § 1003.2(a) ("The Board . . . has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief").

Furthermore, Guardado Ramirez is statutorily barred from reopening his 2019 removal proceedings, which is the ultimate relief he seeks.[2]  Prior orders of removal

---

[1] Petitioner argues that BIA should have considered evidence on whether he was safe in Mexico rather than denying his motion.  But these arguments are not properly before us.  *See Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008) ("[O]ur jurisdiction is limited to review of the [BIA's order] denying the motion to reopen.").  Guardado Ramirez moved the agency to reopen based only on his "fear [of] persecution and torture from the Salvadoran government."  No mention was made to BIA of Guardado Ramirez's fear of conditions in Mexico.

[2] Petitioner argues that the government forfeited its argument as to 8 U.S.C. § 1231(a)(5)'s statutory bar.  That is wrong.  The government raised it in supplemental briefing before BIA.  While denying review of the 2019 removal order, BIA cited § 1231(a)(5) and noted that Petitioner concedes he was removed under that reinstated order—pursuant to the same provision as the statutory bar.  The government also raised it before this Court.

cannot be "reopened or reviewed" if "an alien has reentered the United States illegally after having been removed . . . under an order of removal."  8 U.S.C. § 1231(a)(5).  Guardado Ramirez unlawfully reentered the United States in 2022 after having been removed under the 2019 removal order.  Thus he cannot move to reopen his 2019 proceedings, and BIA correctly limited its consideration to whether his 2022 withholding-only proceedings should be reopened.  Because withholding of removal is fundamentally a "country specific" form of relief, BIA did not abuse its discretion based on Guardado Ramirez's current residence in Mexico.

**PETITION FOR REVIEW DENIED**.